IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE SPORTING GOODS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PLANO SYNERGY HOLDING, INC. a Delaware corporation, and PLANO MOLDING COMPANY an Illinois corporation, <br><br> Defendants. | Civil Action No. <br><br> Judge <br><br> Jury Demanded |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND ILLINOIS STATE AND COMMON LAW CAUSES OF ACTION**

Plaintiff, Maurice Sporting Goods, Inc. (hereinafter referred to as "Maurice" or "Plaintiff") for its Complaint for trademark infringement, unfair competition, consumer fraud and deceptive trade practice against Plano Synergy Holding, Inc. ("Plano Synergy") and Plano Molding Company ("Plano Molding" and with Plano Synergy, "Defendants") states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for federal trademark infringement, common law trademark infringement, and unfair competition arising under the Trademark Act of 1946, as amended, including 15 U.S.C. §1125(a) and the common and statutory law of the State of Illinois, as set forth hereinafter.

## THE PARTIES

2. Maurice is a Delaware corporation having a place of business located at 1910 Techny Road, Northbrook, Illinois 60065. Maurice is an international wholesale distributor of sporting goods and related products, including, among other things, fishing gear and equipment.

3. Plano Synergy is a Delaware corporation having a place of business at 431 E. South St., Plano, Illinois 60545. Plano Synergy is a manufacturer and distributor of products including, among other things fishing gear and equipment.

4. Plano Molding is an Illinois corporation having a place of business located at 431 E. South St., Plano, Illinois 60545. Plano Molding is a manufacturer and distributor of products including, among other things fishing gear and equipment.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Maurice's claims and this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367(a).

6. This Court has personal jurisdiction over Plano Synergy because Plano Synergy is a resident of Illinois and this District, transacts business in this District, has infringed Maurice's trademark rights in this District, has committed tortious acts in this District, and has engaged in activities alleged herein that subject it to the jurisdiction of this Court.

7. This Court has personal jurisdiction over Plano Molding because Plano Molding is a resident of Illinois and this District, transacts business in this District, has infringed Maurice's trademark rights in this District, has committed tortious acts in this District, and has engaged in activities alleged herein that subject it to the jurisdiction of this Court.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims associated herein occurred in this District

and Maurice, Plano Synergy and Plano Molding all have places of business in this District and are all Illinois residents for venue purposes.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Maurice is the owner of United States Registration No. 2,324,514 for READY2FISH for fishing equipment – namely, rods, reels and tackle ("the Maurice READY2FISH mark").

10. Maurice has continuously used the Maurice READY2FISH mark in commerce in connection with fishing equipment since as least as early as 1999.

11. The Maurice READY2FISH mark is valid. A copy of the registration certificate for the Maurice READY2FISH mark is attached hereto as **Exhibit A.**

12. Pursuant to 15 U.S.C. § 1057(b), the Maurice READY2FISH federal registration certificate is *prima facie* evidence of the validity of the Maurice READY2FISH mark as well as Maurice's ownership and exclusive right to use the READY2FISH mark in connection with the goods identified in the registration certificate. Maurice's federal registration for the Maurice READY2FISH mark is incontestable under 15 U.S.C. § 1065. Pursuant to 15 U.S.C. § 1115(b), Maurice's incontestable registration is conclusive evidence of the validity of the READY2FISH mark, Maurice's ownership of the READY2FISH mark, and Maurice's exclusive right to use the READY2FISH mark in commerce on or in connection with the goods identified in the registration certificate.

13. Since at least as early as 2008, Maurice has also continuously used the READY2FISH mark in connection with fishing tackle box sets consisting of fishing tackle boxes containing a starter set of fishing tackle.

PFS:005334.0250.1625010.2

14. Maurice has expended a substantial amount of time, money and effort promoting and marketing its distinctive READY2FISH trademark. As a result of its widespread promotion and use, Maurice's READY2FISH trademark has become: extremely well known among consumers in the relevant market and community; uniquely associated with and hence distinctive, as an identifier of Maurice as the source of the tackle, tackle boxes, and tackle box sets; and a valuable asset of Maurice and a symbol of its goodwill.

15. For approximately the past twelve years, Maurice and Plano Molding had an ongoing business relationship pursuant to which Plano Molding manufactured for Maurice a series of fishing tackle box sets consisting of fishing tackle boxes containing a starter set of fishing tackle.

16. These tackle box sets were manufactured by Plano Molding to Maurice's specifications. For approximately the past eight years, these tackle box sets have borne Maurice's READY2FISH trademark prominently on the front of the tackle box, as applied by Plano Molding ("the READY2FISH box sets").

17. Recently, Defendants have begun manufacturing and marketing their own fishing tackle box sets using a prominent READY SET FISH trademark on the front ("the READY SET FISH box sets").

18. Side-by-side photographs of one of the READY2FISH box sets and one of Defendants' infringing READY SET FISH box sets are shown below:



19. As shown above, the READY2FISH box sets and the READY SET FISH box sets have the same shape, size and tray layouts.

20. Defendants are selling their READY SET FISH box sets in direct competition with Maurice, through the same channels of trade as the READY2FISH box sets, including to Maurice's customers.

21. Notwithstanding Maurice's well-known and long prior trademark rights in its READY2FISH mark and registration, Defendants have adopted and continue to use the

5

READY-SET-FISH or READY SET FISH marks (collectively, "the READY-SET-FISH mark") in connection with the promotion and sale of the competing READY SET FISH box sets.

22. Defendants' use of the READY-SET-FISH mark has been at all times without the consent of Maurice.

23. Maurice, through its counsel, sent a cease and desist letter dated March 16, 2017 to Defendants asserting its rights in the READY2FISH trademark, and demanding that Defendants cease their illegal sales of the competing READ SET FISH box sets.

24. In a letter dated April 10, 2017, Defendants indicated that they intend to ignore Maurice's trademark rights, and Defendants continue to actively sell the READY SET FISH box sets in association with the READY-SET-FISH mark.

25. Defendants' actions are likely to cause confusion, mistake and deception as to the affiliation, connection or association of Defendants with Maurice, and as to the origin, sponsorship or approval of Defendants' goods.

26. Defendants have acted with reckless disregard for Maurice's rights or were willfully blind in connection with their unlawful activities.

27. By continuing to sell the READY SET FISH box sets, Defendants have willfully and maliciously engaged in their infringing activities.

28. By causing such continuing likelihood of confusion, mistake and deception, Defendants will inflict irreparable harm to the goodwill symbolized by Maurice's READY2FISH mark, for which Maurice has no adequate remedy at law.

## COUNT I
### (Violation of the Lanham Act, 15 U.S.C. § 1114(1), Through Use of the READY-SET-FISH Mark by Defendants)

29. Maurice incorporates by reference the allegations set forth in Paragraphs 1 through 28 above and as for this Paragraph 29 as though fully set forth herein.

30. Defendants' unauthorized and infringing use of the READY-SET-FISH mark, as alleged herein, is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendants' products by Maurice. The consuming public is likely to believe that Defendants' products originate with Maurice, are licensed, sponsored or approved by Maurice, or are in some way connected with or related to Maurice, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. Defendants' infringing acts have occurred in interstate commerce and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Maurice, and to its goodwill and business reputation.

32. Maurice has no adequate remedy at law. Monetary damages are inadequate to compensate Maurice for the injuries caused by Defendants. Maurice's injuries include, without limitation, loss of sales and future sales, diminished goodwill, brand erosion and irreparable injury to Maurice's market position and reputation in the marketplace.

33. As a result of Defendants' infringement of the READY2FISH mark, Maurice has incurred damages in an amount to be proven at trial.

34. Upon information and belief, Defendants' infringement of the READY2FISH mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Maurice's mark and is an exceptional case within the meaning of Lanham Act section 35, 15 U.S.C. § 1117. Maurice is therefore entitled to recover three times the amount of

its actual damages, and its attorneys' fees and costs incurred in this action and prejudgment and post judgment interest.

## COUNT II
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a), Through Use of the READY-SET-FISH Mark by Defendants)

35. Maurice incorporates by reference the allegations set forth in Paragraphs 1 through 28 above and as for this Paragraph 35 as though fully set forth herein.

36. Defendants' use of the READY-SET-FISH mark without authority is likely to cause confusion, mistake and/or deception as to the origin, sponsorship and/or affiliation of Maurice's goods and services with those of Defendants, in violation of 15 U.S.C. 1125(a) (also known as Section 43(a) of the Lanham Act).

37. The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendants, which, among other things, constitute false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

38. By reason of the acts of Defendants alleged herein, Maurice has suffered, is suffering and will continue to suffer irreparable damage and, unless Defendants are restrained from continuing these wrongful acts, the damage to Maurice will increase. In particular, Defendants' use of the designations as complained of herein is likely to cause Maurice's READY2FISH mark to lose its distinctiveness and significance as an indicator of origin. Moreover, a likelihood of confusion is created by Defendants' unauthorized use of the READY-SET-FISH mark.

39. Defendants' trademark infringement and unfair competition is deliberate, willful and without any extenuating circumstances, and is an exceptional case within the meaning of

Lanham Act section 35, 15 U.S.C. § 1117. Maurice is therefore entitled to recover three times the amount of its actual damages, its reasonable attorneys' fees and costs incurred in this action and prejudgment and post judgment interest.

40. Maurice has no adequate remedy at law. Monetary damages are inadequate to compensate Maurice for the injuries caused by Defendants. Maurice's injuries include, without limitation, loss of sales and future sales, diminished goodwill, brand erosion and irreparable injury to Maurice's market position and reputation in the marketplace.

## COUNT III
### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*)

41. Maurice incorporates by reference the allegations set forth in Paragraphs 1 through 28 above and as for this Paragraph 41 as though fully set forth herein.

42. Defendants' infringing use of the READY-SET-FISH mark has caused, and is likely to cause in the future, a public injury and a detrimental effect on consumers as to the origin of Defendants' products, inasmuch as they give rise to the false understanding that Defendants have some connection with Maurice. Said acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

43. Defendants' deceptive business and advertising practices have caused and, unless restrained by this Court, will continue to cause, serious and irreparable injury to Maurice.

44. The aforesaid acts were undertaken willfully, with an intentional disregard of the rights of Maurice and with the intention of causing confusion, mistake or deception.

45. Maurice has no adequate remedy at law. Monetary damages are inadequate to compensate Maurice for the injuries caused by Defendants. Maurice's injuries include, without

9

limitation, loss of sales and future sales, diminished goodwill, brand erosion and irreparable injury to Maurice's market position and reputation in the marketplace.

46. As a result of Defendants' violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, Maurice has also incurred damages in an amount to be proven at trial, plus attorneys' fees and costs incurred in this action and prejudgment and post judgment interest.

## COUNT IV
**(Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*)**

47. Maurice incorporates by reference the allegations set forth in Paragraphs 1 through 28 above as and for this Paragraph 47 as though fully set forth herein.

48. As alleged herein, Defendants' infringing use of the READY-SET-FISH mark has caused, and is likely to cause in the future, a public injury and a detrimental effect on consumers as to the origin of Defendants' products, inasmuch as they give rise to the false understanding that Defendants have some connection with Maurice. Said acts constitute deceptive trade practices in the course of Defendants' business, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

49. Defendants' deceptive trade practices have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Maurice.

50. Upon information and belief, the aforesaid acts were undertaken willfully, with an intentional disregard of the rights of Maurice and with the intention of causing confusion, mistake or deception.

51. Maurice has no adequate remedy at law. Monetary damages are inadequate to compensate Maurice for the injuries caused by Defendants. Maurice's injuries include, without

limitation, loss of sales and future sales, diminished goodwill, brand erosion and irreparable injury to Maurice's market position and reputation in the marketplace.

## COUNT V
### (Common Law Trademark Infringement and Unfair Competition)

52. Maurice incorporates by reference the allegations set forth in Paragraphs 1 through 28 above and as for this Paragraph 52 as though fully set forth herein.

53. By virtue of Defendants' acts, hereinabove pleaded, Defendants have engaged in trademark infringement and unfair competition with Maurice under the common law and statutory laws of the State of Illinois, including the Illinois Counterfeit Trademark Act, 765 ILCS 1040/1 *et seq.*

54. Maurice has no adequate remedy at law. Monetary damages are inadequate to compensate Maurice for the injuries caused by Defendants. Maurice's injuries include, without limitation, loss of sales and future sales, diminished goodwill, brand erosion and irreparable injury to Maurice's market position and reputation in the marketplace.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maurice Sporting Goods, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Plano Synergy Holding, Inc. and Plano Molding Company, and enter an order granting the following relief:

1. Declaring that Defendants have violated Sections 32(1) and 43(a) of the Lanham Act and that such violations were willfully committed;

2. Declaring that Defendants have committed acts of unfair competition and deceptive business and trade practices under 815 ILCS 505/1, *et seq.* and 815 ILCS 510/1 *et seq.* and Illinois common law and that such acts were willfully committed;

3. Declaring that Defendants have committed trademark infringement and unfair

competition with Maurice under the common law;

4. Ordering that Defendants, their officers, directors, agents, servants, employees, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from:

A. Doing any other act or thing likely to induce the mistaken belief that Defendants or their products and/or services are in any way affiliated, connected, or associated with Maurice or its products and/or services;

B. Using the READY-SET-FISH mark as defined herein, and any reproduction, counterfeit, copy or imitation of said mark, in connection with the sale, offering for sale, distribution or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; and

C. Injuring Maurice's business reputation and the goodwill associated with Maurice's READY2FISH mark, and the business symbolized thereby, and from otherwise unfairly competing with Maurice in any manner whatsoever;

5. Awarding Maurice monetary relief in an amount to be fixed by the Court or Jury in their discretion as just, including:

A. All profits received by Defendants from sales and revenues of any kind made as a result of their actions, and all damages sustained by Maurice as a result of Defendants' actions, and that such profits and that such damages be trebled pursuant to 15 U.S.C. § 1117; and

B. The costs of this Action;

6. Ordering that, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve upon Maurice within thirty (30) days after issuance of an injunction, a

12

report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction entered by this Court;

7. Pursuant to 15 U.S.C. § 1117(a) and (b), and 815 ILCS §§ 505/10(a) & 510/3 and/or Illinois common law, because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, awarding to Maurice all reasonable attorneys' fees, costs, and disbursements incurred by it as a result of this action;

8. Because of the exceptional nature of this case resulting from Defendants' deliberate and willful infringing actions, awarding to Maurice punitive damages; and

9. Such other and further relief as this Court may deem just and appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Maurice hereby demands a trial by jury of all issues so triable.

Dated: May 31, 2017　　　　　　　　　Respectfully submitted,

**MAURICE SPORTING GOODS, INC.**

By: s/ Jordan Herzog
　　One of its Attorneys
　　Jordan Herzog, ARDC #6216236
　　Phillip S. Reed, ARDC #6188253
　　Jonathan S. Goodman, ARDC #6256015
　　Patzik, Frank & Samotny Ltd.
　　150 S. Wacker Drive, Suite 1500
　　Chicago, IL 60606
　　312/551-8300
　　312/551-1101 (Fax)
　　jherzog@pfs-law.com
　　preed@pfs-law.com
　　jgoodman@pfs-law.com